

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

DANIEL PASSESER
*Assistant Corporation Counsel*
Phone: (212) 356-2322
Fax: (212) 788-9776
Email: dpassese@law.nyc.gov

April 30, 2014

BY HAND
Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    Elvin Carbonell, et al. v. City of New York, et al.,
              14 Civ. 1548 (SAS)

Your Honor:

        I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney representing defendants City of New York Correction Officer Thom, and Assistant Deputy Warden Cameron in the above-referenced matter. Defendants write to respectfully request a stay of this litigation as to the November 10, 2013 incident and the defendants named therein. This is defendants' first request for a stay of this litigation. Plaintiff's counsel, Adrian A. Ellis, Esq., does not consent to this request.

        On March 21, 2014, the Court *sua sponte* granted defendants Captain Mitchell, and Correction Officers McQuilla, Chestnut, Alexis, Guy, Gonzalez, and Ruiz an enlargement of time to answer the complaint, until May 2, 2014, in order to give the Office of the Corporation Counsel time to resolve the representation of those defendants. (Docket No. 14) Due to an open Use of Force investigation into the November 10, 2013 incident involving plaintiff, however, the undersigned has been unable to resolve representation as to the defendants allegedly involved in that incident, and therefore, defendants respectfully request that the Court stay the proceedings as to those defendants and that incident only, pending the outcome of that investigation. As the November 10, 2013 incident is unrelated both to the October 2, 2013 incident involving plaintiff Elvin Carbonell and the search claim brought by plaintiff Carmen Santana-Carbonell, the parties believe that discovery can go forward as to those claims.

As the Court may recall, plaintiff Elvin Carbonell alleges two separate incidents of excessive force, occurring on different dates at different New York City Department of Correction facilities. As to the October 2, 2013 incident, that use of force investigation is closed and the undersigned represents Correction Officer Thom, the only named defendant involved in that incident.[1] The undersigned also intends to answer on behalf of defendant Correction Officer Ward, who is named in connection with the claims brought by Carmen Santana-Carbonell. This Office, however, does not currently represent, and makes no representations or requests on behalf of, the remaining individual defendants, who are named in connection with the November 10, 2013 incident.

The reason for this request for a stay is that this office will be unable to resolve representational issues until the aforementioned Use of Force investigation related to the November 10, 2013 incident is complete. See General Municipal Law § 50-k; Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). Moreover, the parties will likely require the documents associated with the Use of Force file, many of which will be protected from discovery by the deliberative process privilege prior to the conclusion of the Use of Force investigation. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (the deliberative process privilege is (1) designed to promote the quality of agency decisions by preserving and encouraging candid discussion between officials, and (2) based on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news; an inter-agency or intra-agency document may be subject to the privilege if it is both pre-decisional and deliberative) (internal citations and quotations omitted).

Furthermore, a stay would safeguard against the possibility that a conflict of interest may arise during the pendency of the litigation. Pursuant to N.Y. General Municipal Law § 50-k, the City is obligated to provide representation to the individual defendants to the extent that they were acting within the scope of their duties as its employees during the incident in question. Should a stay not be granted, the City would likely be forced to represent the officers prior to learning the outcome of its own investigation concerning the officers' conduct. Should the officers later be found responsible for any wrongdoing as a result of that investigation, defense counsel may be conflicted out of the matter entirely and new counsel would need to be retained for all defendants. Such a scenario would likely cause a greater disruption to the instant action than the requested stay.

---

[1] Plaintiff has also named and served Assistant Deputy Warden Cameron, assigned to the George R. Vierno Center. The undersigned represents ADW Cameron because, upon information and belief, ADW Cameron was not involved in any way in either incident.

Accordingly, defendants respectfully request that the Court partially stay this litigation as to the November 10, 2013 incident pending the outcome of the Use of Force investigation. Defendants are prepared to appear for an initial conference and begin discovery as to the October 2, 2013 incident and the claims brought by plaintiff Carmen Santana-Carbonell.

                                              Respectfully submitted,

                                              /s/

                                              Daniel Passeser
                                              Assistant Corporation Counsel
                                              Special Federal Litigation Division

cc:     <u>VIA ECF</u>
        Adrian A. Ellis, Esq.
        *Attorney for Plaintiff*